UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT RAY-RILEY GOINS,

    Petitioner,                                  Case No. 2:17-cv-13592

v.                                           HON. STEPHEN J. MURPHY, III

SHERMAN CAMPBELL,

    Respondent,
_____/

# OPINION AND ORDER DENYING
# PETITION FOR WRIT OF HABEAS CORPUS,
# DENYING THE MOTION TO AMEND THE PETITION [9],
# DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
# AND DENYING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS*

Robert Ray-Riley Goins is confined in a Michigan state prison after a Kent County jury convicted him of first- and second-degree criminal sexual conduct. He petitions the Court for a writ of habeas corpus, but for the reasons below, the Court will deny the petition.

## BACKGROUND

Goins's convictions arose from sexual contact he had with two girls related to him, ages 12 and 14. *People v. Goins*, No. 318215, 2015 WL 558176, at * 1 (Mich. Ct. App. Feb. 10, 2015); *see also Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009) (noting that a federal court reviewing a habeas petition presumes the state court's findings correct). Michigan's Court of Appeals affirmed Goins's conviction and he did not file an application for leave to appeal to the Michigan Supreme Court. *See* ECF 8-21.

Following his appeal, Goins filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.508(D), which the trial court initially denied. *People v. Goins*, No. 12-08569-FH (Kent Cty. Cir. Ct., Oct. 16, 2015). Goins appealed this, too, and the appellate court remanded the case to the trial court for an evidentiary hearing to determine whether petitioner had been denied the effective assistance of counsel "when his trial counsel failed to fully advise him regarding the sentencing consequences of a plea offer." *People v. Goins,* No. 330433 (Mich. Ct. App. Jan. 15, 2016).

The trial judge held the hearing but ultimately denied the motion for relief from judgment. *People v. Goins*, No. 12-08569-FH, *2–4 (Kent Cty. Cir. Ct., Apr. 22, 2016). Goins then sought leave to appeal, but the Michigan appellate courts denied him leave to do so. *People v. Goins,* No. 334426 (Mich. Ct. App. Nov. 3, 2016); *lv. den.* 501 Mich. 859 (2017).

Goins subsequently filed the instant petition. Initially, he raised only one ground for relief:

> Petitioner was denied the effective assistance of counsel in violation of the Sixth Amendment of the Constitution of the United States when his trial counsel failed to explain the sentencing exposure Petitioner faced if he accepted the plea offer.

ECF 1, PgID 5; ECF 9, PgID 853. After briefing on the petition was complete, Goins moved to amend the petition and included the proposed, amended version. The amended petition would add another claim:

> Petitioner was denied the effective assistance of appellate counsel in violation of the Sixth Amendment of the Constitution of the United States when his appellate counsel failed to raise petitioner's strongest issue: [i]neffective assistance of trial counsel.

ECF 9, PgID 853. The Court addresses both arguments below.

## STANDARD OF REVIEW

Goins filed his habeas petition in 2017, so the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

A state court's determination that a claim lacks merit "precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)).

Section 2254(d) requires the Court to determine what arguments or theories supported or could have supported the state court's decision. The Court must then ask whether fairminded jurists could possibly disagree "that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

Finally, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). A state court's factual determinations are presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), but a petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998).

## LEGAL STANDARD

There are two prongs an ineffective-assistance-of-counsel claim, whether focused on trial counsel or appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005). First, the defendant must show that counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must overcome a strong presumption that counsel's behavior was within the wide range of reasonable professional assistance. *Id.* Second, the defendant must show that such performance prejudiced his or her defense. *Id.* To demonstrate prejudice, the defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

On habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101. A "doubly" deferential judicial review therefore applies to a *Strickland* claim brought by a habeas petitioner. *Id.*

**DISCUSSION**

I. <u>Ineffective Assistance of Trial Counsel</u>

Goins claims his trial counsel was ineffective by failing to adequately explain the various sentencing guidelines ranges when she advised him about the prosecutor's plea

offer. He claims that this deficiency caused him to reject a plea bargain to one count of second-degree criminal sexual conduct, which led to him being convicted of the higher offense of first-degree criminal sexual conduct.

The Sixth Amendment right to counsel extends to the plea bargaining process. *Lafler v. Cooper,* 566 U.S. 156, 163 (2012); *Missouri v. Frye,* 566 U.S. 134, 143-44 (2012). A criminal defendant during plea negotiations is "entitled to the effective assistance of competent counsel." *Lafler,* 566 U.S. at 162 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). When an ineffective-assistance-of-counsel claim involves a rejected plea offer, the defendant must the establish that he was prejudiced by counsel's alleged deficiency, and that but for the ineffective advice there is a reasonable probability that the plea offer would have been presented to the court, i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances. *Id.* at 163. The defendant must also show that the court would have accepted the plea's terms, and that the conviction, or sentence, or both, would have been less severe than under the judgment and sentence that in fact were imposed. *Id.* at 164.

There are several reasons to reject Goins's claim, but the first reason is that he fails to show that his attorney gave him deficient advice. Goins's attorney, Judy Baxter, testified that she learned the prosecuting attorney planned to pursue the first-degree charge if the case proceeded beyond the preliminary examination and Baxter discussed the sentencing guidelines with Goins at that time. On the day of trial, Baxter conveyed the then-available plea bargain to Goins and gave him a rough estimate of the sentencing guidelines for the original first-degree criminal sexual conduct charge. According to Baxter, she may have explained to Goins that under the best case scenario he would

have received a "straddle cell guideline" sentence if he pleaded guilty to second-degree criminal sexual conduct.[1] Baxter testified that she explained to Goins that a plea bargain to the lesser offense of second-degree criminal sexual conduct would eliminate the possibility of petitioner receiving a life sentence if convicted of first-degree criminal sexual conduct. Goins and his wife acknowledged that Baxter advised Goins he might receive a life sentence if convicted of this charge.

In *Jones v. United States*, 178 F. 3d 790 (6th Cir. 1999), the Sixth Circuit rejected a claim that trial counsel had been ineffective in failing to adequately advise his client about the risks of going to trial as opposed to accepting a plea bargain. The Sixth Circuit panel reviewed the record and noted that the facts suggested that the attorney adequately advised the defendants with repect to the plea offer and potential sentence. The facts also supported the magistrate judge's crediting of the attorney's testimony over the defendant's. The panel conceded that the attorney "probably could have been more explicit in his advice" to the defendant, but concluded that the record did "not suggest that his performance was deficient." *Id.* at 794.

Here, Baxter adequately advised Goins about the advantages of accepting a plea to the lesser offense of second-degree criminal sexual conduct versus the risks of going to trial and being convicted of the offense of first-degree criminal sexual conduct. She advised Goins that first-degree criminal sexual conduct carries up to life in prison and

---

[1] A straddle cell guideline sentence is one in which the upper limit of the minimum sentence is more than eighteen months and the lower limit is under twelve months. Under the straddle cell guideline, a judge has the option of imposing a prison sentence or a lesser "intermediate sanction." *Kittka v. Franks*, 539 F. App'x. 668, 671 (6th Cir. 2013) (citing Mich. Comp. Laws § 769.34(4)(c)).

discussed the sentencing guidelines for first-degree criminal sexual conduct with him. Perhaps Baxter could have been more explicit on the day of trial concerning the possible penalties for second-degree criminal sexual conduct, but Goins was adequately advised about the advantages of accepting a plea to the lesser offense of second-degree criminal sexual conduct.

Goins also fails to show that he would have unequivocally pleaded guilty to second-degree criminal sexual conduct. When Goins testified at the evidentiary hearing, he could not state, categorically, that he would have pleaded guilty to second-degree criminal sexual conduct if it involved a prison sentence. Although he did testify that he would have accepted a plea that allowed for probation or county jail time, the proposed plea agreement did not put those options on the table. And even so, Baxter, the prosecuting attorney, and Goins's own wife all testified that Goins was adamant about his innocence and refused to plead guilty—testimony that the trial judge found more credible than Goins's. In sum, Goins was not prejudiced by counsel's alleged failure to adequately advise petitioner about the penalties for second-degree criminal sexual conduct because he failed to show that he would have unequivocally pleaded guilty to this charge if it involved prison time. *Cf. Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005).

II.   Ineffective Assistance of Appellate Counsel

In the proposed, amended petition, Goins additionally faults his appellate counsel for not arguing that his trial counsel provided him with ineffective assistance. Court-appointed counsel does not have a constitutional duty to raise every non-frivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Goins failed to show that his trial counsel was ineffective and is thus is unable to establish that appellate

counsel was ineffective for failing to raise an ineffective assistance of trial counsel claim on his direct appeal. *See, e.g.*, *Fautenberry v. Mitchell,* 515 F. 3d 614, 642 (6th Cir. 2008). The Court will therefore deny the motion to amend the petition because the proposed amendment would be futile. *See Wiedbrauk v. Lavigne,* 174 F. App'x. 993, 1000-02 (6th Cir. 2006).

III.  Certificate of Appealability

The Court concludes that Goins is not entitled to federal habeas relief on the claims he presented and will therefore dismiss his petition. Should Goins wish to appeal this decision, he must first secure a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having considered the matter, the court concludes that Goins fails to make a substantial showing of the denial of a constitutional right as to his habeas claims. For that reason, the Court will deny him a certificate of appealability and likewise deny him leave to proceed in forma pauperis on appeal as an appeal could not be taken in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to amend the petition [9] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner is **DENIED LEAVE** to appeal *in forma pauperis.*

**SO ORDERED**.

Dated: June 18, 2018
s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2018, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager